IN  THE  UNITED  STATES  DISTRICT  COURT

(SOUTHERN  DISTRICT  OF  FLORIDA / MIAMI DIVISION)

Billy G. Asemani
ECI-E/#339096
30420 Revells Neck Road
Westover, MD  21890

Plaintiff, pro se

v.                                            Civil Action No.:_____

The Islamic Republic of Iran
Interests Section of Iran
1250 23rd Street, N.W./#200
Washington, DC  20037

Defendant

FILED by ___ PG ___ D.C.

JUL 1 0 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. — MIAMI

PRO  SE  COMPLAINT  PURSUANT  TO

THE FOREIGN SOVEREIGN IMMUNITIES ACT (Title 28 U.S.C. §1602 et seq),

THE FULL FAITH AND CREDIT ACT (Title 28 U.S.C. §1738),

and in accordance with

THE FEDERAL RULES OF CIVIL PROCEDURE NOs.:  44(a)(1) & 55

COMPLAINT'S  SOLE  COUNT

Action of Debt on a State Court Judgment.

RELIEF  SOUGHT

Entry of Default Judgment Against Defendant Iran

Via:

United States Postal Service

Certified Mail

No.:  7015  1520  0001  2782  9451

## PRELIMINARY STATEMENT ON PLAINTIFF'S PRO SE STATUS

The U.S. Supreme Court has only required that this Complaint include a "short and plain statement of the claim showing [an] entitlement to relief." See Leatherman v. Terrant..., 507 U.S. 163 (1993). Plaintiff Asemani, therefore, will not set out, in full detail, all the facts upon which he bases his claims. His Complaint, however, gives Defendant Iran a fair and reasonable notice of what the claims are and the grounds upon which they rest.

Furthermore, Asemani respectfully requests of the Honorable Court to construe his Complaint liberally, and to cure all procedural defects/errors as adjudged in Haines v. Kerner, 404 U.S. 519 (1972); see also Love v. Pullman Co., 404 U.S. 522 (1972): "Technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." Id.

In Haines, supra, the High Court unanimously held that a pro se complaint, "however inartfully pleaded," can only be dismissed if it appears "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. Asemani also urges the Court to apply the standards in Buros v. Hopkins, 4 F.3d 787 (2nd Cir. 1994): "Pro se papers should be interpreted to raise the strongest argument that they suggest[.]"

-2-

THE   COMPLAINT'S   FACTUAL   BACKGROUND   AND   PROCEDURAL   HISTORY

A year ago (on July 22, 2016), Asemani was awarded $4,000,000.00, in a FSIA action against Iran, which was brought in state court; see Billy G. Asemani v. The Islamic Republic of Iran, Civil Action No.: 01-C-10-034739 OC (Circuit Court of Maryland for Allegany County).

Exhibit A (attached hereto) is a duplicate of a certified copy of said "JUDGMENT."   See also the attached APPENDIX.

Defendant Iran was served with a copy of the judgment in question, and, subsequent to its non-responsiveness to the same, on March 23, 2017, the case's disposition was ordered by the state court.   As such, the matter was closed as of that date.

Exhibit B is a February 02, 2017 correspondence from the U.S. "DEPARTMENT OF THE TREASURY," in response to Asemani's Freedom of Information Act ("FOIA") request for documentation relating to the Iranian government's assets in the U.S. (see FOIA #2017-02-065).

Based on said (and more recent) communication(s) with the U.S. Treasury, Asemani is under the belief that some such assets are located within the territorial jurisdiction of this Honorable Court, and the impetus behind the filing of the present Complaint is for him to be declared a default judgment-creditor of Iran's, by the Court, so Asemani may proceed with garnishment efforts against Iranian government properties in satisfaction of his outstanding $4,000,000.00 judgment.

Asemani, to date, has not received any payments from Defendant Iran, despite Iran's full knowledge, notice, and awareness of the matter at hand.

-3-

NEAR-IDENTICAL PRECEDENTIAL HISTORY IN THIS VERY SAME HONORABLE COURT

Exhibit C is a copy of this Court's February 02, 2005 decision in
McCarthy v. The Republic of Cuba, Civil Action No.: 04-21153-CIV-King,
whose official publication citation is: 354 F.Supp.2d 1347.

In said case, akin to the exact same thing that Asemani is trying to
accomplish through this Complaint, McCarthy "filed her Complaint
pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §1602
et seq.  The Complaint's sole count [was] an action of debt on a
state court judgment[, which ] was entered by the [state] Circuit
Court[.]  The state court judgment arose from [an act of] torture[.]

"[McCarthy] filed an application with the Clerk of [this] Court to enter
default against Defendant [Cuba].  On January 11, 2005, with no answer from [Cuba,]
the Clerk of Court entered the Defendant's default in the above-styled case.

"Accordingly, after a careful review of the record, and the court
being otherwise fully advised, it is ORDERED and ADJUDGED that
judgment is hereby granted on behalf of Plaintiff Dorothy Anderson
McCarthy[,] and against the Defendant, The Republic of Cuba[.]"  Id.

Asemani's and McCarthy's cases are procedurally similar.  Both
plaintiffs obtained state-court compensatory awards against terrorist
nations prior to the filing of their complaints in this Court.

In McCarthy, the plaintiff successfully obtained a default judgment,
as described/exhibited supra, in this Court, so she could pursue
The Republic of Cuba's assets for the fulfillment of its obligation
to compensate her for the sustained damages.

Following the precise same approach to this Court, Asemani is
respectfully requesting that the Honorable Court provide him
with a comparable relief as experienced by McCarthy.

-4-

ASEMANI'S INTENTION TO SUBMIT A FOLLOW-UP
AMENDED / SUPPLEMENTARY COMPLAINT, PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE NO.: 15
"Amended and Supplemental Pleadings"

Asemani is awaiting the receipt of several documents from the Circuit Court that gave rise to this Complaint. Such documentation would be relevant and crucial to this Honorable Court's adjudication of the matter at hand.

Among such upcoming documents is a certified copy of the Circuit Court's 7/22/16 monetary judgment against Defendant Iran, bearing said court's original seal.

One other important document is a complete copy of the state court's "Docket Report," AKA: "Case History," so this Honorable Court may have a comprehensive overview of the events that transpired there.

**WHEREFORE**, Asemani respectfully requests of the Honorabel Court to afford him an opportunity to offer additional material documentation in this case, in the alternative forms of amending his Complaint, and/or supplementing it with the documents that he is not currently in possession of.

Respectfully submitted,                                    June 20, 2017

Billy G. Asemani,
Pro Se Plaintiff

-5-

Billy G. Asemani
ECI-E/#339096
30420 Revells Neck Road
Westover, MD
21890

7015 1520 0001 2782 9451



neopost
07/06/2017
US POSTAGE $10.7

ZIP 2
041L11

Att: Office of the Clerk
United States District Court
(Southern District of Florida)
W.K. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, FL
33128-7788





CERTIFIED

USMS INSPECTED